# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-892V
Filed: February 9, 2015

* * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| WILLIAM GABLE | * | |
| | * | |
| | * | |
| Petitioner, | * | Damages Decision Based on Proffer; |
| | * | Influenza Vaccine; Shoulder Injury |
| v. | * | Related to Vaccine Administration |
| | * | ("SIRVA"); Special Processing Unit |
| | * | ("SPU") |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

Maximillian J. Muller, Esq., Muller Brazil, LLP, for petitioner.
Alexis B. Babcock, Esq., U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

**Vowell**, Chief Special Master:

On September 22, 2014, William Gable filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] (the "Vaccine Act" or "Program"). The petition alleges that as a result of an influenza ("flu") vaccination on October 18, 2013, petitioner suffered a shoulder injury. Petition at 1. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On February 4, 2015, I issued a ruling on entitlement, finding petitioner entitled to compensation. On February 9, 2015, respondent filed a proffer on award of compensation ("Proffer") detailing compensation for all elements of compensation to

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

2

which petitioner would be entitled under §15(a).  According to respondent's Proffer, petitioner agrees to the proposed award of compensation.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $80,000.00 in the form of a check payable to petitioner.**

This amount represents compensation for all damages that would be available under §15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]


**IT IS SO ORDERED.**

<u>s/Denise K. Vowell</u>
**Denise K. Vowell**
**Chief Special Master**

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

_____
                                          )
WILLIAM GABLE,                            )
                                          )
        Petitioner,               )
                                          )      No. 14-892
v.                                        )      Chief Special Master Vowell
                                          )
SECRETARY OF HEALTH AND                   )
HUMAN SERVICES,                           )
                                          )
        Respondent.               )
_____)


## RESPONDENT'S PROFFER OF DAMAGES

**I.   Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $80,000.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees with this amount.

**II.  Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment of $80,000.00 in the form of a check payable to petitioner.

        Respectfully submitted,

        JOYCE R. BRANDA
        Acting Assistant Attorney General

        RUPA BHATTACHARYYA
        Director
        Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

1

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division

/s/ Alexis B. Babcock

ALEXIS B. BABCOCK
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.: (202) 616-7678

Dated: February 9, 2015