# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-892V
Filed: February 23, 2015

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| WILLIAM GABLE, * | |
| * | |
| Petitioner, * | |
| v.  * | |
| * | Attorney Fees and Costs; Stipulation; |
| SECRETARY OF HEALTH AND * | Special Processing Unit ["SPU"] |
| HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Maximillian Muller, Esq., Muller Brazil, LLP, Philadelphia, PA, for petitioner.
Alexis Babcock, Esq., U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEY FEES AND COSTS[1]

**Vowell,** Chief Special Master:

      On September 22, 2014, William Gable filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] [the "Vaccine Act" or "Program"]. Petitioner alleged that as a result of an influenza ["flu"] vaccination on October 18, 2013, petitioner suffered a shoulder injury. Petition at 1. The case was assigned to the Special Processing Unit ["SPU"] of the Office of Special Masters. On February 9, 2015, I issued a decision awarding compensation to petitioner based on respondent's Proffer.

      On February 23, 2015, the parties filed a Stipulation of Facts Regarding Final Attorneys' Fees and Costs. According to the stipulation, the parties agree upon a total award of attorneys' fees and costs to petitioner in the amount of $15,504.21. In

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The applicable statutory provisions defining the program are found at 42 U.S.C. § 300aa-10 *et seq.* (2006).

accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e).  I find the proposed amount to be reasonable.

**Accordingly, I award the total $15,504.21[3] as a lump sum in the form of a check jointly payable to petitioner and Muller Brazil, LLP.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

                                                **s/Denise K. Vowell**
                                                Denise K. Vowell
                                                Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  *See* Vaccine Rule 11(a).